IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2011

**STATE OF TENNESSEE v. MICHAEL D. HAWK**

**Direct Appeal from the Circuit Court for Lincoln County**
**No. S1000006 & 7    Robert Crigler, Judge**

---

**No. M2010-00977-CCA-R3-CD -Filed June 9, 2011**

---

On February 16, 2010, the defendant, Michael D. Hawk, entered an open plea in case numbers S1000006 and S1000007 to three counts of burglary, Class D felonies; six counts of theft over $1,000, Class D felonies; eight counts of theft under $500, Class A misdemeanors; two counts of criminal trespass, Class C misdemeanors; and one count of vandalism under $500, a Class A misdemeanor.  The trial court imposed a total effective sentence of six years, to be served in the Tennessee Department of Correction as a Range I, standard offender.  On appeal, the defendant argues that his sentence is excessive and disputes the denial of alternative sentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Donna Orr Hargrove, District Public Defender, and William J. Harold, Assistant Public Defender, Lewisburg, Tennessee, for the appellant, Michael D. Hawk.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Charles Frank Crawford, District Attorney General; and Hollyn Eubanks and Ann L. Filer, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**Background**

In January 2010, a Lincoln County grand jury indicted the defendant, Michael D. Hawk, in two cases.  In case number S1000006, the grand jury indicted the defendant for three counts of burglary, Class D felonies (counts one, four, and seven); six counts of theft

over $1,000, Class D felonies (counts five, six, and eight through eleven); eight counts of theft under $500, Class A misdemeanors (counts two, three, and twelve through seventeen); and one count of criminal trespass, a Class C misdemeanor. In case number S1000007, the grand jury indicted the defendant for one count of criminal trespass, a Class C misdemeanor, and one count of vandalism under $500, a Class A misdemeanor.

At the defendant's plea acceptance hearing, the state presented the following factual basis for the defendant's guilty pleas:

The State's proof would be that sometime between September 30th and October 1st, 2009[,] [the defendant] entered the Lincoln County High School where he took an amount of cash less than $500.

Entry and taking were without permission.

Then on October 3, 2009[,] he went back in the high school where he took a 50 inch Sanyo [television] and its cart, the value of that being over $1000; both the entry and taking [were] without permission.

Then on October 4th, 2009[,] he again entered the school. He took a laptop [computer], a desktop [computer], a DVD/VCR player, another laptop [computer], [a pair of] shoes, a Guitar Hero game[,] and a digital picture frame.

The value of the laptop - - the Dell and the DVD player being more than $1,000; the value of the Dell laptop being more than $1,000; the shoes, the Guitar Hero game and digital picture [frame] individually being less than $500 each.

The entry and the taking were done without permission.

And on October 17, 2009[,] he entered the school without permission.

On the second case, the one ending in 7, the State's proof would be that on October 17, 2009, [the defendant] entered the St. Paul African Methodist Episcopal Church, the house that they had, broke a window to get in, thus the vandalism under $500. He did not have permission to be in that house.

The defendant entered guilty pleas on all counts.

The trial court held a sentencing hearing on April 6, 2010. The state presented the defendant's presentence report, the defendant's indictments in S1000006 and S1000007, his prior misdemeanor convictions in Lincoln County, and his payment histories for cases in Lincoln County General Sessions Court.

An assistant principal of Lincoln County High School testified regarding the items and the cash that the defendant took from the school.

The defendant testified that if the trial court granted probation, he would live with his grandmother and either work for his family's masonry business or return to a former job in landscaping. He said that he had no prior felony convictions. He testified that he would follow the terms of probation and would make restitution payments. The defendant asked the trial court to order restitution and impose a split sentence with probation.

On cross-examination, the defendant agreed that he owed "a fair bit of money to the court clerk's office on past cases."

The trial court found that enhancement factor one - the defendant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range; enhancement factor eight - the defendant before trial or sentencing failed to comply with conditions of a sentence involving release in the community; and enhancement factor thirteen - the defendant was on probation when he committed the offenses - applied to the defendant's sentencing.[1] The court also found that mitigating factor one - the defendant's criminal conduct did not cause or threaten serious bodily injury - and mitigating factor thirteen - the "catch-all" factor - applied.[2] The trial court stated that it placed greater weight on the enhancement factors than on the mitigating factors. The trial court denied alternative sentencing because (1) the defendant committed several offenses while on probation; (2) less restrictive measures than confinement had recently and frequently been applied unsuccessfully; (3) the defendant had poor potential for rehabilitation, based on his lack of work history; and (4) the defendant had a number of unpaid court costs, fines, and restitutions left unpaid. The court determined that it could run the defendant's sentences consecutively under Tennessee Code Annotated section 40-35-115 because the court was sentencing the defendant for offenses that he committed while on probation. The trial court merged count three with count two, count six with count five, count nine with count eight, count eleven with count ten, count thirteen with count twelve, count fifteen with count fourteen, and count seventeen with count sixteen. Ultimately, the trial court sentenced the

---

[1] *See* Tenn. Code Ann. § 40-35-114.

[2] *See id.* § 40-35-113. The defendant argued that the fact that he pleaded guilty to the charges should operate in mitigation.

defendant as a Range I, standard offender, to three years for each Class D felony, to be served in the Tennessee Department of Correction, and eleven months, twenty-nine days for each misdemeanor, to be served in the county jail. The trial court ordered the sentences for count one and count seven of S1000006 to run consecutively. The court ordered the remaining sentences in both cases to run concurrently with count seven of S1000006. The result was a total effective sentence of six years.

## Analysis

On appeal, the defendant argues that his sentence is excessive and that the trial court erred by denying alternative sentencing. Specifically, the defendant argues that the trial court improperly weighed the enhancement and mitigating factors, that the sentence did not fit the crime, and that alternative sentencing would have been more appropriate considering scarce prison resources.

### A. Standard of Review

An appellate court's review of a challenged sentence is *de novo* on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The Sentencing Commission Comments to this section of the statute indicate that the defendant bears the burden of establishing that the sentence is improper. When the trial court follows the statutory sentencing procedure and gives due consideration to the factors and principles relevant to sentencing, this court may not disturb the sentence. *See State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008).

### B. Sentence Length

The defendant argues that his sentence is excessive. Specifically, he argues that the trial court improperly balanced the enhancement and mitigation factors and that the sentence was inappropriate for the crime committed. He contends that a sentence at the minimum of the range for Class D felonies - two years - would be more appropriate.

Pursuant to the 2005 revisions to the sentencing statutes, a trial court has broad discretion in determining the length of a defendant's sentence as long as the sentence imposed is within the applicable range of punishment and the trial court follows the sentencing act. *Carter*, 254 S.W.3d at 345. In order to facilitate appellate review, the trial court must set forth on the record which enhancement and mitigation factors it considered and the reasons for the sentence. *See id.* at 343. The 2005 revisions "deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." *Id.* at 344. A defendant may appeal based on grounds that the sentence is excessive under the sentencing considerations set out in Tennessee Code Annotated sections 40-35-103 and 40-35-210 or that the sentence is inconsistent with the purposes of the sentencing act set forth in sections 40-35-102 and -103. *Id.*; Tenn. Code Ann. § 40-35-210(b)(2). This court

is "bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Carter*, 254 S.W.3d at 346. The presumption that the trial court's determinations are correct fails if the record does not support the trial court's findings, if the trial court applied inappropriate enhancement or mitigation factors, or if the trial court did not follow the sentencing act. *Id.* at 344-45.

Generally, it is within the discretion of the trial court to impose consecutive sentences if it finds by a preponderance of the evidence that at least one of following statutory criteria apply:

> (1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;
>
> (2) [t]he defendant is an offender whose record of criminal activity is extensive;
>
> (3) [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
>
> (5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
>
> (6) [t]he defendant is sentenced for an offense committed while on probation; or
>
> (7) [t]he defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

In this case, the trial court found three enhancement factors and two mitigation factors. The court determined that it could run the defendant's sentences consecutively under Tennessee Code Annotated section 40-35-115 because the court was sentencing the defendant for offenses that he committed while on probation. The defendant argues that the trial court failed to properly balance the factors. However, the balancing of enhancement and mitigating factors is not a grounds for appeal. *Carter*, 254 S.W.3d at 344. The trial court heard evidence regarding enhancement and mitigation factors and placed its findings on the record. The record does not preponderate against the trial court's findings. Additionally, the record supports imposition of consecutive sentences because the defendant committed the offenses in these cases while on probation for a misdemeanor conviction.[3] He has failed to show that the trial court did not follow statutory sentencing procedures or guidelines. Therefore, we affirm the length of the defendant's sentences.

## C. Confinement

The defendant argues that confinement is inappropriate in his case. Specifically, he argues that the trial court erred by denying alternative sentencing and that the trial court should have considered the scarcity of prison resources in his sentencing.

Tennessee Code Annotated section 40-35-102(6) provides that especially mitigated and standard offenders convicted of Class C, D, and E felonies are favorable candidates for alternative sentencing. A defendant is eligible for probation if the sentence imposed is ten years or less. *Id.* at 40-35-303(a). In this case, the trial court determined that the defendant was a Range I, standard offender and sentenced him to three years for each Class D felony, running two three-year sentences consecutively. The defendant, therefore, was eligible for probation.

The sentencing act provides several factors for trial courts to consider when determining whether to suspend a defendant's sentence. Tennessee Code Annotated section 40-35-102(5) provides that

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration[.]

---

[3] In Lincoln County General Sessions case number S0801518, the defendant pleaded guilty to theft under $500, and, on July 13, 2009, the court sentenced him to eleven months, twenty-nine days, all suspended except for ninety days, which were deferred upon compliance with the terms of probation. The defendant committed the offenses in the present cases during this probation period.

Additionally, section 40-35-103 provides that courts should consider the following when imposing sentences involving confinement:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; . . . .

Tenn. Code Ann. § 40-35-103. The defendant bears the burden of demonstrating that he is suitable for probation. *Id.* § 40-35-303(b).

In our review of the record, we conclude that the defendant has not overcome the presumption of correctness afforded the trial court's determinations. The record does not preponderate against the trial court's determinations that (1) the defendant committed several offenses while on probation; (2) less restrictive measures than confinement had recently and frequently been applied unsuccessfully; (3) the defendant had poor potential for rehabilitation, based on his lack of work history; and (4) the defendant had a number of unpaid court costs, fines, and restitutions left unpaid. Therefore, we affirm the trial court's denial of probation.

The defendant relies on *State v. Ashby*, 823 S.W.2d 166 (Tenn. 1991), for the assertion that the trial court should have considered scarce prison resources when setting the defendant's sentence. In that case, the supreme court, referring to the Tennessee Code Annotated section 40-35-102(5), stated that "[t]he imposition of sentences must accede to the reality that the state does not have available sufficient prison facilities to accommodate all persons who, according to traditional concepts of punishment, would be incarcerated." *Ashby*, 823 S.W.2d at 168. In response to prison overcrowding, the legislature created a presumption in favor of alternative sentencing for especially mitigated and standard offenders and enacted the Community Corrections Act of 1985. *Ashby*, 823 S.W.2d at 168-69; *see also* Tenn. Code Ann. § 40-35-102(5). The Tennessee sentencing statutes, therefore, incorporate concerns about scarce prison resources by providing alternatives to incarceration for certain defendants.

In this case, the trial court determined that the defendant was not a good candidate for alternative sentencing, which, as discussed above, is the legislative solution to scarce prison

resources. As we have already affirmed the trial court's denial of probation, the defendant's argument in this regard is without merit.

## Conclusion

Based on the foregoing reasons, we affirm the judgments of the trial court.

_____
J.C. McLIN, JUDGE